**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **TOMAS BARRERA,** | ) | NO. EDCV 06-767-MAN |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | **AND ORDER** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Plaintiff filed a Complaint on July 21, 2006, seeking review of the denial by the Social Security Commissioner ("Commissioner")[1] of Plaintiff's claim for Disability Insurance Benefits ("DIB"). On August 7, 2006, the parties consented to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on April 6, 2007, in which: Plaintiff seeks an order reversing the Commissioner's decision and directing the payment of benefits; and Defendant requests that the Commissioner's decision be

---

[1]    Michael J. Astrue became the Commissioner of the Social Security Administration on February 12, 2007, and is substituted in place of former Commissioner Joanne B. Barnhart as the Defendant in this action. (*See* Fed. R. Civ. P. 25(d)(1); Section 205(g) of the Social Security Act, last sentence, 42 U.S.C. § 405(g).)

affirmed.   The Court has taken the parties' Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff filed his application for DIB on January 9, 2004. (Administrative Record ("A.R.") 73-76.)  Plaintiff claims to have been disabled since June 17, 2002, due to back and foot pain.  (A.R. 21, 86, 263.)

The Commissioner denied Plaintiff's claim for benefits initially and upon reconsideration.  (A.R. 18.)  On September 19, 2005, Plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Gail Reich ("ALJ").   (A.R. 258-78.)   On November 23, 2005, the ALJ denied Plaintiff's claim, and the Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision.  (A.R. 7-9, 18-23.)

## SUMMARY OF ADMINISTRATIVE DECISION

In her November 23, 2005 written decision, the ALJ found that Plaintiff:  meets the non-disability requirements for a period of disability and disability insurance benefits; and has not engaged in substantial gainful activity during the period at issue.  (A.R. 20.) The ALJ determined that Plaintiff has severe impairments consisting of: degenerative disc disease of the lumbar sacral spine; mild, right side radiculopathy; and left plantar fasciitis.  (*Id.*)  However, the ALJ concluded that Plaintiff does not have an impairment or combination of

2

1  impairments listed in, or medically equivalent to an impairment listed
2  in, Appendix 1, Subpart P, Regulation No. 4.  (*Id.*)  In addition, the
3  ALJ found that Plaintiff is unable to perform his past relevant work as
4  a forklift operator, is "closely approaching advanced age," and has a
5  "high school education and is able to communicate in English."  (A.R.
6  22.)

7

8      The ALJ determined that Plaintiff "has the residual functional
9  capacity to lift and/or carry 30 pounds occasionally and 15 pounds
10 frequently. He can stand and/or walk for 6 hours of an 8-hour workday
11 and sit for 6 hours."  (A.R. 20.)  The ALJ also found that Plaintiff
12 should:  be precluded from climbing ladders and can occasionally climb
13 stairs, stoop, kneel, crawl, and balance; and avoid concentrated
14 exposure to extreme cold, vibrations, and fast moving machinery.  (*Id.*)
15 Based on this residual functional capacity assessment and considering
16 Plaintiff's age, education, and work experience, the ALJ found that
17 Plaintiff was able to perform jobs that exist in significant numbers in
18 the national economy.  (A.R. 22.)  Accordingly, the ALJ concluded that
19 Plaintiff was not disabled within the meaning of the Social Security Act
20 during the time period at issue.  (A.R. 23.)

21

22                          **STANDARD OF REVIEW**

23

24     This Court reviews the Commissioner's decision to determine
25 whether it is free from legal error and supported by substantial
26 evidence.  <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996).  The
27 Commissioner's decision must stand if it is supported by substantial
28 evidence and applies the appropriate legal standards.  <u>Saelee v. Chater</u>,

1   94 F.3d 520, 521 (9th Cir. 1996). Substantial evidence is "more than a
2   mere scintilla but less than a preponderance -- it is such relevant
3   evidence that a reasonable mind might accept as adequate to support the
4   conclusion." Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995).

6       Although this Court cannot substitute its discretion for that of
7   the Commissioner, this Court nonetheless must review the record as a
8   whole, "weighing both the evidence that supports and the evidence that
9   detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y. of
10  Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also
11  Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is
12  responsible for determining credibility, resolving conflicts in medical
13  testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d
14  1035, 1039-40 (9th Cir. 1995). This Court must uphold the
15  Commissioner's decision if it is supported by substantial evidence and
16  free from legal error, even when the record reasonably supports more
17  than one rational interpretation of the evidence. Id. at 1041; see also
18  Morgan v. Comm'r. of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.
19  1999); Flaten v. Sec'y., 44 F.3d 1453, 1457 (9th Cir. 1995).

21                              **DISCUSSION**

23      Plaintiff raises one issue. He alleges that the ALJ's
24  determination at step five of the sequential evaluation was not
25  supported by substantial evidence. (Joint Stipulation ("Joint Stip.")
26  at 2.)

                                    4

**A.   The ALJ Erred At Step Five Of The Sequential Procedure**.

Plaintiff contends that the ALJ erred by applying 20 C.F.R. Part 404, Subpt. P, App. 2, Rule 202.14 to find that Plaintiff was not disabled.  (Joint Stip. at 4.)  Plaintiff also contends that the ALJ erroneously rejected his argument that Plaintiff was illiterate and that the applicable grid rule was Rule 202.09, which, if applied by the ALJ, would have directed a finding of disability.  (*Id.*)

At step five of the sequential procedure,[2] the burden shifts from the claimant to the ALJ to show that the claimant is able to perform other work that exists in the national economy.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).  The ALJ can meet this burden by either taking the testimony of a vocational expert or by referring "to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Id.*  Medical-Vocational Guidelines, which are commonly called "grids," are tables that are used "for determining the availability and number of suitable jobs for a claimant." Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006)(citations omitted).  The grids categorize jobs by their physical-exertional requirements.  *Id.*  "A claimant's placement with the appropriate table is determined by applying a matrix of four

_____

[2]   "The Ninth Circuit articulated the five-step sequential process for determining whether a claimant is 'disabled' in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999)." Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  Step one determines whether the claimant is engaged in a substantially gainful activity; step two assesses whether the claimant has medically determinable impairments that are severe; step three determines whether the claimant's impairment(s) "meet or equal" an impairment listed in the regulations; step four assesses the claimant's residual functional capacity, and determines whether the claimant can do his/her past relevant work; and step five determines whether the claimant can do any other work. *Id.*

5

factors identified by Congress – a claimant's age, education, previous work experience, and physical ability." *Id.* at 1114-15.  The grids direct a finding of either "disabled" or "not disabled" based on a combination of the four factors.  *Id.* at 1115.

In the present case, the ALJ used grid Rule 202.14 (A.R. 23), which directs a finding of no disability if a claimant has a residual functional capacity for light work[3] and:  1) is "closely approaching advanced age";[4] 2) has a high school education or more; and 3) has previously done skilled or semi-skilled work with no transferable skills.  20 C.F.R. Part 404, Subpt. P, App. 2, Rule 202.14.  Plaintiff argues that Rule 202.14 is inapplicable, because he is "illiterate" within the meaning of the grid rules.  (Joint Stip. at 4.)  Plaintiff further argues that the grid rule applicable in his case is Rule 202.09 (Joint Stip. at 5), which directs a finding of disability if a claimant has a residual functional capacity for light work and:  1) is "closely approaching advanced age"; 2) is illiterate or unable to communicate in English; and 3) has previously done unskilled work or no work at all.  20 C.F.R. Part 404, Subpt. P, App. 2, Rule 202.09.

Addressing Plaintiff's counsel's argument, the ALJ stated:

[Plaintiff's] representative suggested that the claimant

---

[3]    "Light work" involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 404.1567(b).

[4]    "Closely approaching advanced age" denotes an age of 50-54.  20 C.F.R. Part 404, Subpt. P, App. 2, § 202(d).

6

should meet Rule 202.09 because he is illiterate in English.
The undersigned finds that the claimant can communicate in
English and can read and write in Spanish. Rule 202.09
requires both illiterate and unable to communicate in English,
which is not the case.

(A.R. 22.)

Thus, the ALJ understood Rule 202.09 to be applicable only upon a finding of both a claimant's illiteracy in any language and an inability to communicate in English. However, in two decisions, the Ninth Circuit has interpreted the key phrase of Rule 202.09 at issue here -- which requires that a claimant must be "illiterate or unable to communicate in English" -- as requiring that the claimant must be **either** illiterate in English *or* unable to communicate in English **or** both. In <u>Chavez v. Dep't. of Health & Human Servs.</u>, 103 F.3d 849 (9th Cir. 1996), the Ninth Circuit explained that, for purposes of the Social Security regulations and rules, the term "illiteracy": "is defined as the 'inability to read or write'"; and "means illiterate in English." *Id.* at 852 (citing 20 C.F.R. § 404.1564(b)(1) and (5) and interpreting Rule 201.23, which contains the same key phrase as Rule 202.09). The Ninth Circuit further explained that the phrase "ability to communicate in English" means "'the ability to speak, read and understand English.'" *Id.* (citing to 20 C.F.R. § 404.1564(b)(5)).

In a subsequent decision, the Ninth Circuit explained that <u>Chavez</u> held that a claimant is "illiterate or unable to communicate in English" if he or she is "either illiterate in English or unable to communicate

7

in English or both." <u>Silveira v. Apfel</u>, 204 F.3d 1257, 1261 and n.13 (9th Cir. 2000)(*per curiam*).  In <u>Silveira</u>, the claimant conceded he could communicate in English, but asserted he could not read or write in English.  The district court found that this concession precluded application of the grid rule urged by the claimant, which contained the same language at issue here and would have dictated a finding of disability had it been applied.  The Ninth Circuit held that this finding was erroneous, given <u>Chavez</u>'s holding.  *Id.*  Because the ALJ failed to make an express finding about whether or not the claimant was literate in English, and the administrative record was ambiguous regarding the claimant's reading and writing abilities in English, the Ninth Circuit remanded the case to the Commissioner for an express finding on the issue of the claimant's literacy in English.  *Id.* at 1262.

Here, the ALJ did not specifically find that Plaintiff was illiterate in English.  However, by explicitly finding that Plaintiff can communicate in English and read and write in Spanish and that, as a result, Rule 202.09 is inapplicable, without addressing Plaintiff's ability to read and write in English, the ALJ impliedly found that Plaintiff is unable to read and write in English.  (A.R. 22.)  Given the ALJ's construction of Rule 202.09 (*viz.*, as requiring illiteracy in *all* languages), had she believed Plaintiff capable of reading and writing in English, the ALJ certainly would have said so as a basis for finding Rule 202.09 to be inapplicable.  Indeed, the record supports the ALJ's implicit finding.  In his Disability Report, Plaintiff answered "No" to the question, "Can you write more than your name in English?"  (A.R. 86.)  At the hearing, Plaintiff's attorney advised the ALJ that

Plaintiff cannot write in English and "does read, but very little." (A.R. 277.)   Finally, the record shows that Plaintiff completed his education in Mexico. (A.R. 132, 234.)   Although this fact in itself is not conclusive evidence that Plaintiff cannot write in English, it is consistent with and supports other evidence of record regarding Plaintiff's inability to write in English.   Thus, the record contains substantial evidence supporting a conclusion that Plaintiff cannot write in English, and apparently has little English reading ability as well, which in turn means that he is illiterate under the Ninth Circuit's interpretation of the grid rules, which this Court must follow.

In light of this conclusion, it is clear that the ALJ committed legal error by misconstruing the requirements of Rule 202.09, and as a result, the ALJ did not apply the correct grid rule to Plaintiff's case. Hence, since the record supports a finding that Plaintiff is illiterate in English, he meets the criterion of "illiterate or unable to communicate in English" set out in the Rule 202.09.   Further, since Plaintiff meets all other criteria[5] under Rule 202.09, he must be found to be disabled, because Rule 202.09 directs such a finding.   Thus, the record contains substantial evidence to support a finding that Plaintiff is disabled based upon application of the grids.

Defendant argues that, even if the ALJ misconstrued Rule 202.09,

_____

[5]     Although the ALJ did not make a specific finding regarding Plaintiff's job skill level, the ALJ did find that "transferability of job skills [was] not material to the determination of disability because of [Plaintiff's] age." (A.R. 22.)   Thus, Plaintiff meets the other three criteria of Rule 202.09, because the ALJ found that Plaintiff was limited to light work, "closely approaching advanced age," and cannot perform his past relevant work.  (*Id.*)

1   there was no reversible error, because the ALJ properly relied on the

2   testimony of a Vocational Expert ("VE") at Step Five after finding that

3   Plaintiff had both exertional and non-exertional impairments. (Joint

4   Stip. at 5-6.)  Defendant's argument is unpersuasive.

5

6       In Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989), the

7   Ninth Circuit held that if a claimant has only exertional limitations,[6]

8   the ALJ must refer to the grids to establish whether the claimant is

9   disabled.  Where the claimant suffers from both exertional and non-

10  exertional impairments, the grids must be consulted first to determine

11  whether a finding of disability can be based on the exertional

12  impairments only.  *Id.*  However, "if the exertional impairments alone

13  are insufficient to direct a conclusion of disability, then further

14  evidence and analysis are required." *Id.*   As the Ninth Circuit

15  explained in Lounsburry, *supra*, the Commissioner cannot rely solely on

16  the grids if a claimant has non-exertional impairments or a combination

17  of exertional and non-exertional impairment, because the grids do not

18  automatically establish the existence of jobs for a particular claimant

19  and, thus, "may not be used to direct a conclusion of *nondisability*."

20  468 F.3d at 1116 (emphasis in original).

21

22      However, when the grids clearly direct a finding of disability,

23  "that finding must be accepted by the Secretary."  Cooper, 880 F.2d at

24  1157.  "This is so whether the impairment is exertional or results from

25

26          [6]   Exertional limitations are strength related limitations such
    as limitations in sitting, standing, walking, lifting, carrying,
27  pushing, and pulling.   Non-exertional limitations are non-strength
    related limitations such as mental, sensory, postural, manipulative, and
28  environmental.  Cooper, 880 F.2d at 1156 n.6-7 (citations omitted).

1  a combination of exertional and nonexertional limitations." *Id.*; *see*
2  *also* Lounsbury, 468 F.3d at 1115-16. "In other words, where a person
3  with exertional and non-exertional limitations is 'disabled' under the
4  grids, there is no need to examine the effect of the non-exertional
5  limitations." *Id.* at 1116.

7      Here, the ALJ used the testimony of the VE, because the ALJ
8  improperly applied Rule 202.14, rather than Rule 202.09, and found that
9  Plaintiff, who had a combination of exertional and non-exertional
10 impairments, was not disabled under the grids. (A.R. 23.)  Had the ALJ
11 applied the correct rule, *i.e.*, Rule 202.09, she would have been obliged
12 to find Plaintiff disabled under the grids, and therefore, there would
13 have been no need for VE testimony.  Thus, neither substantial evidence
14 nor Ninth Circuit precedent supports Defendant's argument that the ALJ
15 properly relied on VE testimony to find Plaintiff not disabled.

17 **B.   Remand For An Immediate Award Of Benefits Is Warranted**.

19     Plaintiff contends that, because the record contains substantial
20 evidence to support a conclusion that he is disabled, the case should be
21 remanded for an immediate award of benefits.  (Joint Stip. at 8.)

23     The decision whether to remand for further proceedings or simply to
24 reverse and award benefits is within the Court's discretion.  Harman v.
25 Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000); McAllister v. Sullivan, 888
26 F.2d 599, 603 (9th Cir. 1989).  However, where a remand would simply
27 delay the payment of benefits, reversal and an award of benefits is
28 appropriate.  *Id.*  As the Ninth Circuit has repeatedly observed, when

the record is fully developed and a remand for further administrative proceedings would serve no purpose, the Court should reverse and remand for an award and payment of benefits. *See, e.g.,* <u>Benecke v. McCarthy</u>, 379 F.3d 587, 593 (9th Cir. 2004); <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995); <u>Smolen</u>, 80 F.3d at 1292.

That observation governs here. The record here is fully developed, and there are no outstanding factual issues. The ALJ interpreted Rule 202.09 in a manner contrary to controlling Ninth Circuit precedent, and had the Rule been applied properly, a finding of disability would have been, and indeed was, required. Accordingly, the Commissioner has failed to meet his burden at Step Five. There is no legitimate reason for further delay or administrative proceedings on this issue. Accordingly, this case should be reversed and remanded for the payment of benefits.

### CONCLUSION

For the reasons stated above, the denial of benefits is REVERSED, and this case is REMANDED for an immediate award of benefits consistent with this Memorandum Opinion and Order. Judgment shall be entered reversing the decision of the Commissioner, and remanding the matter for an immediate award of benefits consistent with this Memorandum Opinion and Order.

///

///

///

///

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 23, 2007

                                  /s/
                                MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

13