UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BARRERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>　　　　　Defendant. | Case No. CV 06-767-MAN<br><br>ORDER RE: MOTION FOR<br>ATTORNEY FEES PURSUANT TO<br>42 U.S.C. § 406(b) |

　　　On January 2, 2008, counsel for plaintiff filed a Notice of Motion and Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), with a supporting memorandum of points and authorities and declaration by plaintiff's counsel, Marc V. Kalagian of the Law Offices of Rohlfing & Kalagian, LLP (collectively, the "Motion").  The Motion requests payment of attorney's fees in the total amount of $12,000 for 17 hours of work performed before this Court, *i.e.* 14 hours of attorney time and 3 hours of paralegal time.  On February 4, 2008, defendant submitted a Response to Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b).  On February 11, 2008, plaintiff's counsel filed his Reply.  For the reasons stated below, the Motion is GRANTED.

# BACKGROUND

Plaintiff's counsel represented plaintiff before the United States District Court pursuant to a contingency fee agreement ("Agreement"), which provides in Paragraph 4 for attorney's fees of **"25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court."** (Motion at 5, Declaration of Marc V. Kalagian ("Decl.") at ¶ 2, Exhibit 1; emphasis in original.) On August 23, 2007, the Court remanded this case for further administrative proceedings. On remand, the Commissioner issued a decision granting plaintiff's application for benefits. (Motion at 3, Decl. ¶ 3, Exhibit 2.) Plaintiff was subsequently awarded $77,155.52 in retroactive benefits. (*Id.*) Pursuant to a stipulation of the parties and related Court Order filed on November 21, 2007, plaintiff's counsel was awarded the sum of $2,500 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). ( Motion at 1.)

# APPLICABLE LAW

Section 406(b) of Title 42 provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . . In case of any such judgment, no other fee may be payable . . . for such representation

except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).[1]

In <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002), the Supreme Court held that Section 406(b)

> does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within this 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807 (citations omitted).

The hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee

---

[1] For representation of a benefits claimant at the administrative level, an attorney may file a fee petition or fee agreement.  42 U.S.C. § 406(a).  In the event of a determination favorable to the claimant, the Commissioner "shall . . . fix . . . a reasonable fee" for the attorney's services.  42 U.S.C. § 406(a)(1).

1 agreement." Gisbrecht, 535 U.S. at 808. The Court appropriately may
2 reduce counsel's recovery

4     based on the character of the representation and the results
5     the representative achieved. If the attorney is responsible
6     for delay, for example, a reduction is in order so that the
7     attorney will not profit from the accumulation of benefits
8     during the pendency of the case in court. If the benefits
9     are large in comparison to the amount of time counsel spent
10    on the case, a downward adjustment is similarly in order.

12 *Id.* (citations omitted).

14     Significantly, since Gisbrecht, district courts have been
15 deferential to the terms of contingency contracts in Section 406(b)
16 cases, recognizing that the resulting *de facto* hourly rates typically
17 exceed those for non-contingency fee arrangements. *See* Ellick v.
18 Barnhart, 445 F. Supp. 2d, 1166, 1169-71 (C.D. Cal. 2006)(surveying
19 post-Gisbrecht cases and finding decisions approving fee awards
20 involving range of net hourly rates of up to $982 per hour); Hearn v.
21 Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003)(awarding
22 $25,132.50 in Section 406(b) fees, equivalent to $450 per hour, and
23 citing, *inter alia*, Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va.
24 2002)(awarding $10,189.50, equivalent to $605 per hour), and Coppett v.
25 Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga. 2002)(awarding $6,554.12,
26 equivalent to $350.49 per hour)); *see also* Mudd v. Barnhart, 418 F.3d
27 424, 427 (4th Cir. 2005)(affirming denial of motion challenging
28 $12,231.50 fee award equivalent to 25% of past benefits and hourly rate

of $736.84); <u>Blizzard v. Astrue</u>, 496 F. Supp. 2d 320, 324 (S.D.N.Y. 2007)(approving $26,798.25 fee award equaling 25% of past benefits and amounting to an hourly rate of $705); <u>Koester v. Astrue</u>, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007)(finding $16,890 fee award amounting to 25% of past benefits and hourly rate of $580.67 to be reasonable and rejecting characterization of award as "windfall").

**DISCUSSION**

The Court finds that the Motion demonstrates that "the fee sought is reasonable for the services rendered" and is less than the agreed-upon 25 percent of past-due benefits.[2]  Neither "the character of the representation" nor "the results the representative achieved" suggest the unreasonableness of the fee sought.

Plaintiff's counsel was not responsible for any significant delay in securing plaintiff's benefits.  Nothing in the record before the Court suggests that there was any overreaching in the making of the fee agreement or any impropriety on the part of counsel in his representation of plaintiff before this Court.  Counsel assumed the risk of nonpayment inherent in a contingency agreement, the agreed-upon contingent fee does not exceed the 25% statutory cap, and the Motion seeks less than the agreed-upon fee.  In view of these circumstances and of the range of hourly rates charged for legal services in the Los Angeles area, the Court finds the combined *de facto* hourly rate of

---

[2]   25% of $77,155.52 is $19,288.88.

$705.88[3] and the total requested fee of $12,000 are reasonable under the inquiry called for by Gisbrecht.

## CONCLUSION

For the reasons set forth above, the Motion is GRANTED. Section 406(b) fees are allowed in the total amount of $12,000, to be paid out of the amount withheld by the Commissioner from plaintiff's benefits. In view of the previous payment of EAJA fees in the amount of $2,500 paid to counsel, the Commissioner shall certify payment to counsel of a net fee of $9,500. The balance of the withheld funds shall be paid to plaintiff.

IT IS SO ORDERED.

DATED: July 1, 2009

/s/<br>MARGARET A. NAGLE<br>UNITED STATES MAGISTRATE JUDGE

---

[3] $12,000 divided by 17 hours (14 attorney hours plus 3 paralegal hours) equals $705.88 per hour for a combined attorney and paralegal rate.